**United States Court of Appeals for the Federal Circuit**

INVENTOR HOLDINGS, LLC,

> Appellant,

> v.                    **NOTICE OF APPEAL**

MICHELLE LEE,
DEPUTY DIRECTOR OF THE
UNITED STATES PATENT
AND TRADEMARK OFFICE,

> Appellee.

INVENTOR HOLDINGS, LLC, owner of U.S. Patent 6,263,505, hereby

appeals to the United States Court of Appeals for the Federal Circuit for

review of the Decision on Appeal 2013-008233 in Reexamination

Control No. 90/009,918 concerning U.S. Patent 6,263,505 by the Patent

Trial and Appeals Board, entered on November 25, 2013, attached

hereto as Appendix A.

Dated: January 21, 2014

Tarek N. Fahmi
Ascenda Law Group, PC
84 W. Santa Clara St., Suite 550
San Jose, CA 95113-1812
Tel: 866-877-4883
Email: tarek.fahmi@ascendalaw.com
Attorney for Appellant,
Inventor Holdings, LLC

**APPENDIX A**

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/009,918 | 06/23/2011 | 6263505 | 11000361-WDIG-RX918 | 6587 |

27571          7590          11/25/2013
Fahmi, Sellers, Embert & Davitz
84 W. Santa Clara St.
Suite 550
San Jose, CA 95113

| EXAMINER |
|---|
| RALIS, STEPHEN J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/25/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

*Ex parte* WALKER DIGITAL, LLC

———————

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1
Technology Center 3900

———————

Before HOWARD B. BLANKENSHIP, STANLEY M. WEINBERG, and
JEREMY J. CURCURI, *Administrative Patent Judges*.

CURCURI, *Administrative Patent Judge*.

## DECISION ON APPEAL

Patent 6,263,505 B1 (Walker) is under reexamination. Appellant
appeals under 35 U.S.C. §§ 134(b) and 306 from the Examiner's rejection of
claims 1-64.   App. Br. 6.  We have jurisdiction under 35 U.S.C. §§ 134(b)
and 306, and we heard the appeal on November 6, 2013.

Claims 1-13, 15-22, 24, 26-34, 37-46, 49, 50, 57-59, and 60-64 are
rejected under 35 U.S.C. § 102(e) as anticipated by Reimer (US 5,559,949;
issued Sept. 24, 1996).  Ans. 3-22, 31-45.

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

Claim 14 is rejected under 35 U.S.C. § 103(a) as obvious over Reimer.  Ans. 22-24.

Claims 23 and 25 are rejected under 35 U.S.C. § 103(a) as obvious over Reimer and Feinleib (US 6,637,032 B1; issued Oct. 21, 2003).  Ans. 24-25.

Claim 35 is rejected under 35 U.S.C. § 103(a) as obvious over Reimer and Remillard (US 5,561,709; issued Oct. 1, 1996).  Ans. 25-26.

Claim 36 is rejected under 35 U.S.C. § 103(a) as obvious over Reimer and Baji (US 5,027,400; issued June 25, 1991).  Ans. 26-27.

Claims 55 and 56 are rejected under 35 U.S.C. § 112, first paragraph, as failing to comply with the written description requirement.  Ans. 28-30.

Claims 55 and 59 are rejected under 35 U.S.C. 112, second paragraph. Ans. 30-31.

Claim 51 is rejected under 35 U.S.C. § 103(a) as obvious over Reimer.  Ans. 45-46.

Claims 47, 48, and 52-54 are rejected under 35 U.S.C. § 103(a) as obvious over Reimer and Feinleib.  Ans. 47-53.

Claims 55 and 56 are rejected under 35 U.S.C. § 103(a) as obvious over Reimer and Daum (US 5,815,634; issued Sept. 29, 1998).  Ans. 53-76.

The Examiner has withdrawn earlier rejections of claims 54 and 64 under 35 U.S.C. § 112, first paragraph, and claim 51 under 35 U.S.C. § 305. Ans. 76-77.

We affirm.

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

## STATEMENT OF THE CASE

Appellant's invention relates to providing supplemental information related to video programs. Abstract. Claim 7 is illustrative and reproduced below:

7.    A method for providing supplemental information using a data processing apparatus including a CPU and a storage device operatively connected to the CPU and containing a program adapted to be executed by the CPU for processing a request for the supplemental information related to a video program and providing the requested supplemental information, said method comprising the steps of:

receiving a request for the supplemental information related to the video program;

receiving synchronization information related to the video program;

processing the request for the supplemental information by having the CPU in the data processing apparatus execute the program;

synchronizing the requested supplemental information to the video program using the synchronization information; and

transmitting the requested supplemental information.


## ANALYSIS

THE ANTICIPATION REJECTION OF CLAIMS 1-13, 15-22, 24, 26-34, 37-46, 49, 50, 57-59, AND 60-64 BY REIMER

Upon careful review, we find unpersuasive Appellant's arguments (App. Br. 23-63, 70-74; Reply Br. 5-8) and evidence (App. Br. Evidence Appendix), including both declarations from Andrew Wolfe, that the

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

Examiner erred in finding claims 1-13, 15-22, 24, 26-34, 37-46, 49, 50, 57-59, and 60-64 are anticipated by Reimer (Ans. 3-22, 31-45). Based on the record, we adopt the Examiner's findings and reasons as our own, and we also adopt the Examiner's response to Appellant's Appeal Brief (Ans. 77-131, 144-150). We concur with the conclusions reached by the Examiner. Accordingly, we sustain the rejection of claims 1-13, 15-22, 24, 26-34, 37-46, 49, 50, 57-59, and 60-64. We note that we have reviewed both declarations from Andrew Wolfe, and based on the record in its entirety, we are not persuaded of error. We further highlight the following for emphasis.

*Claim 7*

Appellant argues (i) claim 7 requires a single data processing apparatus that performs multiple steps, and Reimer does not describe a single data processing apparatus. App. Br. 23-33. At Oral Hearing, Appellant noted the Examiner's use of a 2012 dictionary.

In response, the Examiner explains the claims do not recite "a single computer or device", the term "apparatus" includes a set of equipment designed for a particular use, and Reimer (Figures 1 and 2) discloses the claimed apparatus as a set of equipment. Ans. 77-80. The Examiner further explains Reimer discloses that components may be implemented into a single computer. Ans. 80-81 (citing Reimer, col. 6, ll. 45-51).

Appellant's Specification (col. 3, ll. 45-47) states "[t]he present invention also provides an apparatus which integrates the video program and the supplemental information on the same monitor." Notably, Appellant does not define the term "apparatus" in the Specification, but rather

4

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

describes the integration of the video program and the supplemental information in connection with preferred embodiments. Therefore, a broad, but reasonable, construction of the term "apparatus" is its plain meaning where the term "apparatus" is defined in pertinent sense as "**1 a :** a set of materials or equipment designed for a particular use."[1]

With this definition and construction, we see no error in the Examiner's reliance on Reimer for describing all limitations of claim 7. The plain meaning of the term "apparatus" does not preclude the "apparatus" from being composed of a set of materials or equipment and therefore multiple components that cooperate to integrate the video program and the supplemental information, such as Reimer's multiple components (Figures 1 and 2).

Further, because we construe claim 7 as not requiring a "single" computer or device, we need not address whether Reimer describes all limitations of claim 7 in a single computer or device.

Appellant also argues (ii) that Reimer does not describe the recited "synchronizing the requested supplemental information to the video program using the synchronization information." App. Br. 33-40.

In response, the Examiner explains Reimer's synchronizing the movie with the display of the movie script describes the recited synchronizing. Ans. 92-93 (citing Reimer, col. 22, ll. 19-49).

Appellant's Specification (col. 6, ll. 2-6) states "[t]hroughout the video program, the viewer receives supplemental images, audio, dialogue, scenes and information synchronized to the specific actions and events

---

[1] *Webster's Ninth New Collegiate Dictionary* 96 (1990).

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

occurring within the video program." Notably, Appellant does not define the term "synchronize" in the Specification, but rather describes receiving supplemental information synchronized to the video program in connection with preferred embodiments. Therefore, a broad, but reasonable, construction of the term "synchronize" is its plain meaning where the term "synchronize" is defined in pertinent sense as "**1 :** to represent or arrange (events) to indicate coincidence or coexistence."[2]

With this construction, we see no error in the Examiner's reliance on Reimer for describing the recited synchronizing.

Reimer (col. 22, ll. 22-32) describes

First, the time code for the current frame is determined. Second, the row corresponding to the current scene is retrieved from the source table 802. This is done by identifying a scene row in the source table 802 where the current frame time code is greater than or equal to the value of the first frame time code column 806, and less than or equal to the value of the last frame time code column 808. Based on the information contained in this scene row, it is possible to synchronize the display of the movie with the display of the script (the script is retrieved from the foundation information database 112).

Reimer arranges the display of the script and the display of the movie to indicate coincidence. Thus, Reimer describes synchronizing the requested supplemental information (Reimer's script) to the video program using the synchronization information (Reimer's time code for the current frame), as recited in claim 7. Notably, Reimer's time code is *used* in the synchronization process, and the broad claim language does not preclude a finding that Reimer teaches the argued limitation.

---

[2] *Webster's Ninth New Collegiate Dictionary* 1197 (1990).

6

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

### Claim 12

Appellant argues Reimer does not disclose receiving and processing program identification information, noting that Reimer relies on knowing what program is being displayed. App. Br. 40-43. In response, the Examiner explains Reimer discloses selection from a list of items as selection and reception of the program identification information, and discloses further processing of the program identification information. Ans. 97 (citing Reimer, col. 14, l. 31 - col. 15, l. 60, Figure 9A). We agree with the Examiner.

### Claim 1

Appellant argues claim 1 requires one single server. App. Br. 45. In response, the Examiner explains a "server apparatus" is an "apparatus" that performs "server functionality" and is described in Reimer. Ans. 103- 105. We agree with the Examiner for similar reasons as discussed above when addressing claim 7.

### Claims 2 and 8

Appellant argues Reimer does not describe the recited audio and visual information. App. Br. 47-48. In response, the Examiner explains Reimer describes supplemental information including audio and visual information. Ans. 106-108 (citing Reimer, col. 3, l. 33 - col. 4, l. 13; col. 6, ll. 1-7). We agree with the Examiner.

7

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

*Claim 3*

Appellant argues Reimer does not perform database maintenance. App. Br. 49-50. In response, the Examiner explains Reimer's index interface component 118 and index information database 122 are relational database management systems, and perform database maintenance. Ans. 108-111. We agree with the Examiner.

*Claims 4, 9, 21, and 28*

Appellant argues Reimer does not describe the recited program identification information. App. Br. 50-53. In response, the Examiner explains Reimer discloses selection from a list of items as selection and reception of the program identification information, and discloses further processing of the program identification information. Ans. 112 (citing Reimer, col. 14, l. 31 - col. 15, l. 60, Figure 9A). We agree with the Examiner.

*Claims 5, 10, 15, 30, and 33*

Appellant argues Reimer does not describe updating the time-code at predetermined intervals. App. Br. 53-55. In response, the Examiner explains Reimer's user can send a query at any time while viewing or interacting with a movie. Ans. 116 (citing Reimer, col. 16, ll. 15-17). We agree with the Examiner.

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

### Claims 6, 11, 13, 22, 31, and 37

Appellant argues "Reimer's teaching to stop watching the supplemental information to request for different supplemental information does not anticipate 'receiving additional requests from a requestor to interactively change the requested supplemental information based upon the viewed program.'" App. Br. 57. In response, the Examiner again explains Reimer's user can send a query at any time while viewing or interacting with a movie, and this functionality changes the requested supplemental information. Ans. 121 (citing Reimer, col. 16, ll. 15-17). We agree with the Examiner.

### Claims 16, 18-20, and 24

Appellant presents arguments similar to those presented for claim 7. App. Br. 57-58. In response, the Examiner refers to the Examiner's response for claim 7. Ans. 123. Again, we agree with the Examiner.

### Claim 17

Appellant argues Reimer does not describe an integrated system including the display device and the data processing apparatus. App. Br. 58-59. In response, the Examiner explains Reimer's user devices 106 and control component 104 are operatively integrated, and Reimer also discloses that components may be implemented into a single computer. Ans. 123-128. We agree with the Examiner, and in passing note that our conclusion is not inconsistent with the plain meaning of "integrate" which is defined in

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

pertinent sense as "**1** : to form, coordinate, or blend into a functioning or unified whole."[3]

### Claims 26, 27, and 29

Appellant presents arguments similar to those presented for claim 7. App. Br. 59. In response, the Examiner refers to the Examiner's response for claim 7. Ans. 128. Again, we agree with the Examiner.

### Claims 32, 34, and 38

Appellant presents arguments similar to those presented for claim 4. App. Br. 59-60. In response, the Examiner refers to the Examiner's response for claim 4. Ans. 128-129. Again, we agree with the Examiner.

### Claims 39 and 41

Appellant argues claim 39 requires the single server configured for receiving synchronization information, for synchronizing the supplemental information to the video program, and for transmitting the synchronized supplemental information through the data communication network to the data processing system. Appellant argues the rejection of claim 41 should be withdrawn for similar reasons. App. Br. 61.

In response, the Examiner explains

Reimer et al. discloses a server (column 7, line 66 - column 8, line 11) including a controller and a storage device operatively connected to the controller (Reimer et al.; column 8, lines 40-50, 55-57). Therefore[,] due to the broadest interpretation of the

_____

[3] *Webster's Ninth New Collegiate Dictionary* 628 (1990).

10

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

claims, the Examiner maintains the position that Reimer et al. anticipate[s] the system of claims 39 and 41.

Ans. 130.  We agree with the Examiner for similar reasons as discussed above when addressing claim 7.

### Claims 40 and 42

Appellant presents arguments similar to those presented for claim 7. App. Br. 61-62. In response, the Examiner refers to the Examiner's response for claim 7.  Ans. 131. Again, we agree with the Examiner.

### Claim 43

Appellant argues Reimer does not describe the recited program identification information including a code for identifying the program. App. Br. 62-63.

In response, the Examiner explains Reimer's list of items would include titles, etc. that would essentially include a system of symbols for communication.  Ans. 131 (citing Reimer, col. 5, ll. 34-54; col. 14, l. 42 - col. 15, l. 5; col. 22, ll. 19-33).  We agree with the Examiner.

### Claim 44

Appellant argues Reimer does not describe providing the movie script and the answer to the query in video.  App. Br. 70.  In response, the Examiner explains Reimer describes supplemental information being video information.  Ans. 145 (citing, Reimer, col. 4, ll. 6-13).  We agree with the Examiner.

11

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

### Claims 45 and 46

Appellant argues claims 45 and 46 are patentable for the same reasons as claim 7. App. Br. 70. We agree with the Examiner for the same reasons discussed above when addressing claim 7.

### Claim 49

Appellant argues Reimer does not describe the simulcast event database stored within the storage device as recited in claim 49. App. Br. 71. In response, the Examiner explains Reimer discloses a set of equipment designed for a particular use including a CPU and storage device, and notes Reimer's databases for describing the simulcast event database. Ans. 146 (citing Reimer, Figures 8, 13A, 13B). We agree with the Examiner.

### Claim 50

Appellant argues claim 50 is patentable for the same reasons as claims 7 and 12. App. Br. 72. We agree with the Examiner for the same reasons discussed above when addressing claims 7 and 12.

### Claims 57-59 and 64

Appellant does not separately argue claims 57-59 and 64 with particularity.

### Claims 60-62

Appellant argues Reimer does not describe synchronizing the requested supplemental information to the video program by directly using

12

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

the synchronization information (time-code). App. Br. 72. In response, the
Examiner explains that in Reimer the requested information is retrieved and
synchronized to the video program utilizing the first frame time codes.
Ans. 147-148 (citing Reimer, col. 20, l. 65 - col. 21, l. 9). We agree with the
Examiner.


*Claim 63*

Appellant argues Reimer does not describe receiving program
identification information as recited in claim 63. App. Br. 73-74. In
response, the Examiner explains Reimer discloses selection from a list of
items as selection and reception of the program identification information,
and discloses further processing of the program identification information.
Ans. 148 (citing Reimer, col. 14, l. 31 - col. 15, l. 60, Figure 9A). We agree
with the Examiner.


THE OBVIOUSNESS REJECTION OF CLAIM 14 OVER REIMER

Upon careful review, we find unpersuasive Appellant's arguments
(App. Br. 63-66) and evidence (App. Br. Evidence Appendix) that the
Examiner erred in concluding claim 14 is obvious over Reimer (Ans. 22-24).
Based on the record, we adopt the Examiner's findings and reasons as our
own, and we also adopt the Examiner's response to Appellant's Appeal
Brief (Ans. 131-134). We concur with the conclusion reached by the
Examiner. Accordingly, we sustain the rejection of claim 14.

In reaching our conclusion, we emphasize that we agree with the
Examiner's explanation (Ans. 132 (citing Reimer, col. 33, ll. 47-49)) that

13

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

Reimer's "anticipatory buffering" involves the obvious verifying that synchronization is maintained.

THE OBVIOUSNESS REJECTION OF CLAIMS 23 AND 25 OVER REIMER AND FEINLEIB

Upon careful review, we find unpersuasive Appellant's arguments (App. Br. 66-68) and evidence (App. Br. Evidence Appendix) that the Examiner erred in concluding claims 23 and 25 are obvious over Reimer and Feinleib (Ans. 24-25). Based on the record, we adopt the Examiner's findings and reasons as our own, and we also adopt the Examiner's response to Appellant's Appeal Brief (Ans. 134-138). We concur with the conclusion reached by the Examiner. Accordingly, we sustain the rejection of claims 23 and 25.

In reaching our conclusion, we emphasize that we agree with the Examiner's conclusion (Ans. 135-137) that insufficient evidence of due diligence has been provided for the period from January 1997 to April 1997.

THE OBVIOUSNESS REJECTION OF CLAIM 35 OVER REIMER AND REMILLARD

Upon careful review, we find unpersuasive Appellant's arguments (App. Br. 68) and evidence (App. Br. Evidence Appendix) that the Examiner erred in concluding claim 35 is obvious over Reimer and Remillard (Ans. 25-26). Based on the record, we adopt the Examiner's findings and reasons as our own, and we also adopt the Examiner's response to Appellant's Appeal Brief (Ans. 138-139). We concur with the conclusion reached by the Examiner. Accordingly, we sustain the rejection of claim 35.

14

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

### THE OBVIOUSNESS REJECTION OF CLAIM 36 OVER REIMER AND BAJI

Upon careful review, we find unpersuasive Appellant's arguments (App. Br. 69) and evidence (App. Br. Evidence Appendix) that the Examiner erred in concluding claim 36 is obvious over Reimer and Baji (Ans. 26-27). Based on the record, we adopt the Examiner's findings and reasons as our own, and we also adopt the Examiner's response to Appellant's Appeal Brief (Ans. 139). We concur with the conclusion reached by the Examiner. Accordingly, we sustain the rejection of claim 36.

### THE WRITTEN DESCRIPTION REJECTION OF CLAIMS 55 AND 56

Upon careful review, we find persuasive Appellant's arguments (App. Br. 69, Reply Br. 9-10) that the Examiner erred in concluding claims 55 and 56 fail to comply with the written description requirement (Ans. 28-30, 139-142).

"[T]he test for sufficiency [of the written description] is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (citations omitted).

We find the disclosure in the Specification adequate to reasonably convey to those skilled in the art that Appellant had possession of the claimed subject matter recited in claims 55 and 56. In reaching our conclusion, we note our construction of the terms "apparatus" and "integrate" discussed above.

15

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

We, therefore, do not sustain the Examiner's rejection of claims 55
and 56 under 35 U.S.C. § 112, first paragraph.

THE REJECTION OF CLAIMS 55 AND 59 UNDER 35 U.S.C. § 112, SECOND
PARAGRAPH

Upon careful review, we find persuasive Appellant's arguments (App.
Br. 69, Reply Br. 10) that the Examiner erred in concluding claims 55 and
59 fail to meet the requirements of 35 U.S.C. 112, second paragraph (Ans.
30-31, 142-144).

We, therefore, do not sustain the Examiner's rejection of claims 55
and 59 under 35 U.S.C. § 112, second paragraph.

THE OBVIOUSNESS REJECTION OF CLAIM 51 OVER REIMER

Appellant argues claim 51 is patentable for the same reasons as claims
7 and 14. App. Br. 74. We agree with the Examiner for the same reasons
discussed above when addressing claims 7 and 14.

THE OBVIOUSNESS REJECTION OF CLAIMS 47, 48, and 52-54 OVER REIMER
AND FEINLEIB

Upon careful review, we find unpersuasive Appellant's arguments
(App. Br. 74-76) and evidence (App. Br. Evidence Appendix) that the
Examiner erred in concluding claims 47, 48, and 52-54 are obvious over
Reimer and Feinleib (Ans. 47-53). Based on the record, we adopt the
Examiner's findings and reasons as our own, and we also adopt the
Examiner's response to Appellant's Appeal Brief (Ans. 151-155). We

16

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

concur with the conclusion reached by the Examiner. Accordingly, we sustain the rejection of claims 47, 48, and 52-54.

In reaching our conclusion, we emphasize that we agree with the Examiner's conclusion (Ans. 151) that insufficient evidence of due diligence has been provided for the period from January 1997 to April 1997.

## THE OBVIOUSNESS REJECTION OF CLAIMS 55 AND 56 OVER REIMER AND DAUM

Upon careful review, we find unpersuasive Appellant's arguments (App. Br. 76-77) and evidence (App. Br. Evidence Appendix) that the Examiner erred in concluding claims 55 and 56 are obvious over Reimer and Daum (Ans. 53-76). Based on the record, we adopt the Examiner's findings and reasons as our own, and we also adopt the Examiner's response to Appellant's Appeal Brief (Ans. 156-157). We concur with the conclusion reached by the Examiner. Accordingly, we sustain the rejection of claims 55 and 56.

## ORDER

The Examiner's decision rejecting claims 1-64 is affirmed.

Extensions of time for taking any subsequent action in connection with this appeal are governed by 37 C.F.R. § 1.550(c). *See* 37 C.F.R. § 41.50(f).

## AFFIRMED

17

Appeal 2013-008233
Reexamination Control 90/009,918
Patent 6,263,505 B1

PATENT OWNER:

FAHMI, SELLERS, EMBERT, & DAVITZ LLP
84 W. Santa Clara Street
Suite 550
San Jose, CA  95113

THIRD PARTY REQUESTER:

ANDREW McALEAVEY
PATENTBLAST
4600 Adeline Street, #101
Emeryville, CA  94608

Form 8

FORM 8.  **Entry of Appearance**

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

INVENTOR HOLDINGS, LLC _____ v. MICHELLE LEE, DEPUTY DIRECTOR, USPTO

No. _____

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3. Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

☐ Pro Se    ☑ As counsel for:    INVENTOR HOLDINGS, LLC _____
                                   Name of party

I am, or the party I represent is (select one):

☐ Petitioner    ☐ Respondent    ☐ Amicus curiae    ☐ Cross Appellant
☑ Appellant     ☐ Appellee      ☐ Intervenor

As amicus curiae or intervenor, this party supports (select one):

☐ Petitioner or appellant    ☐ Respondent or appellee

My address and telephone are:

| | |
|---|---|
| Name: | TAREK N. FAHMI |
| Law firm: | ASCENDA LAW GROUP |
| Address: | 84 W. SANTA CLARA AVE. |
| City, State and ZIP: | SAN JOSE, CA 95148 |
| Telephone: | 1-866-877-4883 |
| Fax #: | 1-408-773-6177 |
| E-mail address: | tarek.fahmi@ascendalaw.com |

Statement to be completed by counsel only (select one):

☑ I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

☐ I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

☐ I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): 4/5/1996 _____

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only):

☐ Yes    ☑ No

☐ A courtroom accessible to the handicapped is required if oral argument is scheduled.

_1/21/14_ _____          _____
Date                     Signature of pro se or counsel

cc: _____

123

Form 9

FORM 9. Certificate of Interest

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

INVENTOR HOLDINGS, LLC _____ v. MICHELLE LEE, Deputy Director of the USPTO

No. _____

### CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)
Tarek N. Fahmi _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.     The full name of every party or amicus represented by me is:

Inventor Holdings, LLC

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Inventor Holdings, LLC

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Patent Properties, Inc.
Walker Digital, LLC

4. ☑ The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Hershkovitz & Associates, Abraham Hershkovitz

| January 21, 2014 | |
| --- | --- |
| Date | Signature of counsel |
| | Tarek N. Fahmi |
| | Printed name of counsel |

Please Note: All questions must be answered
cc: _____

124

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copies of the foregoing

NOTICE OF APPEAL
ENTRY OF APPEARANCE
CERTIFICATE OF INTEREST

was served on counsel of record for the Solicitor's Office of the USPTO and the attorney of record for the third party requester by first-class mail, postage prepaid on January 21, 2014, to:

Office of the Solicitor
Mail Stop 8
PO Box 1450
Alexandria, VA 22313-1450

Andrew McAleavey
PATENTBLAST
4600 Adeline Street, #101
Emeryville, CA 94608

Dated: January 21, 2014     By: */Tarek N. Fahmi/*
                                  Tarek N. Fahmi
                                  Reg. No. 41,402

Ascenda Law Group, PC
84 W. Santa Clara St., Suite 550
San Jose, CA 95113-1812
Tel: 866-877-4883
Email: tarek.fahmi@ascendalaw.com
Attorney for Appellant, Inventor Holdings, LLC